```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF KENTUCKY
```
**SOUTHERN DIVISION at PIKEVILLE**

| | | |
|---|---|---|
| THOMAS WHEELER, | ) | |
| | ) | |
| Petitioner, | ) | Civil Case No. |
| | ) | 7:21-cv-20-JMH |
| V. | ) | |
| | ) | |
| WARDEN JOYNER, et al., | ) | |
| | ) | **MEMORANDUM OPINION** |
| Respondents. | ) | **AND ORDER** |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Petitioner Thomas Wheeler is a federal inmate currently confined at the Big Sandy Satellite Prison Camp in Inez, Kentucky. Proceeding without an attorney, Wheeler has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the calculation of his sentence by the Federal Bureau of Prisons ("BOP"). [DE 1]. Wheeler also seeks the appointment of counsel. [DE 3].

Pursuant to 28 U.S.C. § 2243, the Court conducts initial screenings of all § 2241 habeas petitions. *See Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)); *see also Alexander*, 419 F. App'x at 545 (applying the

1

pleading standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), to habeas petitions). Upon the initial screening of this matter, the Court finds Wheeler's petition should be DENIED at this time.

In his petition, Wheeler claims the BOP has failed to give him earned time credits to which he believes that he is entitled under the First Step Act, 18 U.S.C. §§ 3632(d)(4)(A). However, it has long been the rule that before a prisoner may seek habeas relief under § 2241, he must first fully exhaust his administrative remedies within the BOP. *Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 231 (6th Cir. 2006); *Leslie v. United States*, 89 F. App'x 960, 961 (6th Cir. 2004) ("[I]t is well established that federal prisoners are required to exhaust their administrative remedies before filing a habeas corpus petition under § 2241."). Administrative remedies must be exhausted prior to filing suit and in full conformity with the agency's claims processing rules. *See Woodford v. Ngo*, 548 U.S. 81, 92-94 (2006).

The BOP's Inmate Grievance System requires a federal prisoner to first seek informal resolution of any issue with staff. 28 C.F.R. § 542.13. If a matter cannot be resolved informally, the prisoner must file an Administrative Remedy Request Form (BP-9 Form) with the Warden, who has twenty days to respond. See 28 C.F.R. §§ 542.14(a), 542.18. If the prisoner is not satisfied with the Warden's response, he may use a BP-10 Form to appeal to the

applicable Regional Director, who has thirty days to respond. See 28 C.F.R. §§ 542.15, 542.18. If the prisoner is not satisfied with the Regional Director's response, he may use a BP-11 Form to appeal to the General Counsel, who has forty days to respond. *See* 28 C.F.R. §§ 542.15, 542.18; *see also* BOP Program Statement 1330.18 (Jan. 6, 2014).

In his § 2241 petition, Wheeler affirmatively indicates that he has not appealed or filed a grievance regarding the BOP's decision to deny him earned time credits. [*See* DE 1-1 at 2-3]. Further, Wheeler provides no explanation regarding this failure. [*Id.* (leaving blank the answer to the form's question "If you answered 'No,' explain why you did not appeal")]. Because it appears from the face of the petition that Wheeler filed this action before fully exhausting his available administrative remedies, the petition will be denied without prejudice.

While this case will be closed, Wheeler may file a new petition in a new case regarding this matter, should he choose to do so. Wheeler should wait to file any such petition until after the administrative remedy process is complete. Further, Wheeler is advised that to properly initiate a case in this Court, he must complete two steps at the same time: (1) file his habeas petition on a form approved for use in this Court; and (2) either pay the $5.00 filing fee, move for leave to proceed in forma pauperis, or submit a copy of a BP-199 Form that he filed with prison officials

3

asking the prison to withdraw funds from his inmate account to pay the filing fee.

For these reasons, the Court hereby **ORDERS** as follows:

(1) Wheeler's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [DE 1] is **DENIED WITHOUT PREJUDICE**;

(2) Wheeler's motion for the appointment of counsel [DE 3] is **DENIED AS MOOT**;

(3) Judgment will be entered contemporaneously herewith; and

(4) This matter is **DISMISSED** and **STRICKEN** from the Court's docket.

This the 25th day of March, 2021.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

4